UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0223(3) (PJS/JSM) |
| | Case No. 10-CV-4874 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| JUAN MANUEL ESTRADA, | |
| Defendant. | |

---

Andrew R. Winter, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Bruce R. Williams, WILLIAMS LAW OFFICE, for defendant.

A jury convicted defendant Juan Manuel Estrada (who sometimes goes by the name of Juan Manuel Ojeda-Estrada) of conspiring to distribute or possess with intent to distribute 500 or more grams of methamphetamine. After finding that Estrada was a career offender, the Court sentenced Estrada to 360 months in prison and 20 years of supervised release. *See* Docket No. 134. The United States Court of Appeals for the Eighth Circuit affirmed Estrada's conviction and sentence on direct appeal. *See United States v. Ojeda-Estrada*, 577 F.3d 871 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 1112 (2010).

This matter is before the Court on Estrada's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the most part, Estrada argues that his conviction should be vacated because he received ineffective assistance from his trial counsel. The Court appointed attorney Bruce R. Williams to assist Estrada,[1] and the Court heard testimony and other evidence at a hearing on July 1, 2011. Based on the Court's records, the submissions of the

---

[1] Williams has been zealous and skillful in his advocacy on behalf of Estrada, and the Court thanks him for his service.

parties, and the testimony and exhibits offered at the evidentiary hearing, the Court finds that Estrada is not entitled to relief. Estrada's § 2255 motion is therefore denied.

I. BACKGROUND

In June 2007, a grand jury returned an indictment charging Estrada and two other men with one count of conspiracy to distribute and possess with intent to distribute 500 or more grams of methamphetamine. *See* Docket No. 27; 21 U.S.C. § 841(a)(1), (b)(1)(A); 21 U.S.C. § 846. On September 19, 2007, the government communicated a plea offer — in the form of a proposed written plea agreement — to Estrada's attorney, Kenneth Bottema. *See* Gov't Ex. 1. The proposed agreement recited that, because Estrada appeared to be a "career offender" within the meaning of the Sentencing Guidelines, the anticipated Guidelines range would be 262-327 months. *Id.* The anticipated range reflected a credit for acceptance of responsibility. *Id.* The plea agreement further explained that the Guidelines range was advisory and that the charged crime carried a mandatory minimum sentence of 10 years and a maximum of life. *Id.* The cover letter accompanying the proposed plea agreement stated that the offer would be withdrawn on September 28, 2007, at which time the government would consider whether to file for an enhancement under 21 U.S.C. § 851.[2]

There was conflicting testimony concerning whether Bottema conveyed this plea offer to Estrada. Estrada testified that Bottema never told him of the plea offer and that, had Bottema done so, Estrada would have accepted it. Estrada also testified that Bottema represented that

---

[2] Filing an information under § 851 is a prerequisite to seeking the enhanced mandatory minimums available in 21 U.S.C. § 841. In Estrada's case, it would have the effect of raising the mandatory minimum to 20 years.

there was no reason for Estrada to plead guilty because, whether Estrada pleaded guilty or was found guilty at trial, he would receive the same 10-year sentence.

Bottema denied Estrada's account.  Bottema testified that he discussed the proposed plea agreement in detail with Estrada and went over the Guidelines grid with him.  Bottema also testified that he explained to Estrada that he was potentially facing 30 years to life and that, if Estrada did not plead guilty, the government would probably seek an enhanced mandatory minimum of 20 years.[3]  Bottema further testified that he and Estrada discussed the advantages of entering into a plea agreement, and in particular the advantage of receiving credit for acceptance of responsibility.  According to Bottema, Estrada was adamant that he was innocent, that he would not plead guilty, and that he was not interested in the proposed plea agreement.

The Court finds Bottema's version of events to be far more credible than Estrada's.  To begin with, it is hard to understand why any criminal-defense attorney would fail to advise his client of a plea offer from the government.  What would the criminal-defense attorney have to gain?  Estrada suggests that Bottema wanted to earn a larger fee by going to trial.  If that were true, it would be a marked deviation from Bottema's usual practice.  Of the 20 to 30 federal criminal cases that Bottema has handled in his career, he has gone to trial exactly once — in Estrada's case.  Setting that aside, it is hard to believe that any criminal-defense attorney would risk his career by hiding a plea offer from his client even if he was certain to earn a substantial

---

[3]During the evidentiary hearing, Bottema was asked if he was familiar with "§ 851," and he said that he was not.  But after the Court explained that "§ 851" refers to the section of the United States Code that authorizes the government to file an information establishing the existence of prior convictions for the purpose of increasing the mandatory minimum, Bottema testified that he was indeed familiar with the provision.  Given that the events in question took place nearly four years ago, Bottema's initial inability to recognize a specific statutory citation is not particularly probative of anything.

fee for going to trial. In this case, however, it is even harder to believe that Bottema was so motivated, because Estrada never paid the full amount of his retainer.

Aside from the inherent improbability of Estrada's story, there is also evidence supporting Bottema's version of events. For example, the jail activity log for the Sherburne County Jail (where Estrada was confined pending trial) shows that Bottema visited Estrada on September 19, September 27, and September 28, 2007. Def't Ex. 1. In other words, Bottema visited Estrada on the day the government made the plea offer, the day before the plea offer was to expire, and again on the last possible day to accept the offer. The obvious explanation for this cluster of visits is that Bottema was in fact discussing the plea offer with Estrada.

Estrada tries to cast doubt on this evidence by contending that his appellate attorney, Manvir Atwal, told him that attorneys sometimes sign in to see clients and then leave the jail without doing so. Estrada tried to portray this as sinister, but both Bottema and Atwal had a much more mundane explanation: They both testified that, on occasion, an attorney will sign in to see a client but will be prevented from doing so by extraneous circumstances, such as a lockdown at the jail. Bottema testified that he does not remember being prevented from seeing Estrada — and, in any event, it is extremely unlikely that Bottema was unable to see Estrada on three separate occasions in short succession.

Although Bottema's testimony was not flawless,[4] Estrada's testimony was almost completely unbelievable — and, unlike Bottema's testimony, was marked by repeated evasions and attempts to turn the tables on the questioner. For example, Estrada has an extensive criminal background and has used numerous false names (which is one reason why Bottema had some difficulty in determining Estrada's full criminal history). Estrada casually admitted to lying about his name on many occasions throughout his life, including while under oath in court. He betrayed no sense of remorse for his lies — and, in fact, justified his lies on the grounds that police officers also lie.

Estrada's testimony was also internally inconsistent. For example, Estrada insisted that he would have accepted the government's proposed plea agreement — and thus admitted under oath that he was guilty of the crime charged — but he also continued to insist (also under oath) that he was *not* guilty of the crime charged. (Notably, Estrada's adamant insistence on his innocence is consistent with Bottema's testimony that Estrada rejected the plea agreement and demanded to go to trial because he was innocent.) When counsel pressed him to say whether he

---

[4]Bottema's memory proved to be faulty about some matters. For example, Bottema testified that he did not remember waiving Estrada's appearance at the pretrial conference despite the fact that the record shows that he did. Docket No. 100. But the fact that Bottema did not remember exactly what he did at a pretrial conference held almost four years earlier was neither surprising nor troubling.

Bottema also testified that he remembered putting the proposed plea agreement on the record at a hearing, even though there is no record of such a hearing. The Court speculates that this discrepancy reflects the fact that most of Bottema's practice is in state court. Bottema may indeed routinely place all offers made to his clients on the record in state court. But this Court has never held a hearing for the purpose of putting a rejected plea offer on the record.

In any event, the Court finds that the errors in Bottema's testimony were the result of innocent misrecollection. Indeed, it would be senseless for Bottema to intentionally lie about what he did before the Court in hearings that were transcribed.

-5-

could truthfully have pleaded guilty, Estrada continually evaded the question in a manner demonstrating that Estrada was not interested in telling the truth but was instead interested in saying whatever might result in his conviction being vacated.

Based on their demeanor at the hearing and the content of their testimony, the Court finds that Bottema was credible and that Estrada was not credible. The Court further finds that Bottema told Estrada about the government's plea offer; explained all of the relevant Guidelines, statutory provisions, and mandatory minimum and maximum possible sentences; and warned Estrada that he was facing 30 years to life in prison if he did not plead guilty. The Court further finds that Estrada maintained his innocence, rejected the offer from the government, and insisted on going to trial.

As noted, the crime with which Estrada was charged carried a mandatory minimum sentence of 10 years. *See* Docket No. 27; 21 U.S.C. § 841(b)(1)(A). Shortly before trial, the government filed a § 851 information, as Bottema had warned Estrada the government would do. *See* Docket No. 101. The jury found Estrada guilty. *See* Docket No. 106. Estrada wanted Bottema to file a motion for a new trial, but Bottema did not discuss the issue with Estrada and did not file a motion.

Several months after Estrada was convicted, he sent the Court a letter expressing dissatisfaction with Bottema. In response, the Court asked Bottema to meet with Estrada. Docket No. 161-1. As a result of that meeting, Estrada moved for appointment of substitute counsel. The Court granted the motion and appointed the Office of the Federal Defender as substitute counsel. Docket No. 110. Assistant Federal Defender Manvir Atwal filed a notice of appearance on March 21, 2008. Docket No. 111.

At Estrada's request, sentencing was delayed while Atwal reviewed the case. Docket Nos. 116, 118. The Court denied Estrada's third motion for a continuance and held a sentencing hearing, Docket No. 127, but at that hearing the Court agreed to continue the sentencing yet again so that the parties could submit additional briefing on Estrada's status as a career offender under § 4B1.1 of the Guidelines, Docket No. 128. At the follow-up sentencing hearing, the Court found that Estrada was a career offender, which gave him a Guidelines range of 360 months to life. The Court sentenced Estrada to 360 months. Docket No. 134. On direct appeal, the Eighth Circuit affirmed this Court's judgment, including the Court's determination that Estrada was a career offender. *Ojeda-Estrada*, 577 F.3d at 875-77. Estrada then filed a timely § 2255 motion.

## II. ANALYSIS

Estrada argues that his trial counsel (Bottema) and appellate counsel (Atwal) were ineffective in multiple respects and that his sentence was substantively unreasonable. The Court addresses each of these arguments in turn.

### A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Id.* at 687, 694. In reviewing ineffective-assistance claims, a court must be careful to avoid second-guessing counsel's strategic decisions. "Judicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. The reasonableness of counsel's conduct must be considered in light of the defendant's own statements and actions. *Id.* at 691.

1. Failure to Explain Sentence Exposure

Estrada first argues that Bottema failed to advise him of his sentence exposure. In particular, Estrada argues that Bottema (1) failed to advise him of his career-offender status; (2) failed to tell him that the government had filed an information under § 851; and (3) failed to seek a favorable plea agreement and instead represented to Estrada that there was no risk in going to trial because he would receive the mandatory minimum of 10 years regardless of whether he pleaded guilty or was convicted by a jury.

As discussed above, the Court does not find Estrada's contentions credible. Having held an evidentiary hearing and heard the testimony of Bottema and Estrada, the Court finds that, contrary to Estrada's contentions, Bottema did, in fact, advise Estrada of his sentence exposure. In particular, Bottema explained the government's proposed plea agreement in detail, including the 10-year mandatory minimum, Estrada's career-offender status, and the government's intent to seek a § 851 enhancement. Nevertheless, Estrada rejected the government's plea offer and insisted on going to trial. Estrada's argument that Bottema was ineffective for failing to advise him of his sentencing exposure or seek a more favorable plea agreement is therefore meritless, as is his contention that Bottema never told him of the government's plea offer.

Even if the Court were to credit Estrada's assertions, his claim would fail because he cannot show prejudice. It is true that Estrada could have avoided the § 851 enhancement by pleading guilty. But even if he had pleaded guilty, the Court would still have found him to be a

career offender under § 4B1.1 — and, after he got credit for acceptance of responsibility, his resulting Guidelines range would have been 262-327 months. That is far higher than the 20-year mandatory minimum triggered by the § 851 enhancement. True, the § 851 enhancement limited the extent to which the Court could have departed or varied below the Guidelines range. But the Court declined to depart or vary downward from 360 months; it certainly would not have departed or varied downward from 262 months.

The only potential prejudice to Estrada, therefore, was the loss of credit for acceptance of responsibility. But, as discussed above, Estrada insists to this day that he is innocent. As a result, he cannot show prejudice from Bottema's alleged failure to communicate the plea offer or advise him of his sentencing exposure, because he could not have pleaded guilty and admitted under oath that he was guilty of a crime. "A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." *Sanders v. United States*, 341 F.3d 720, 723 (8th Cir. 2003); *see also Chesney v. United States*, 367 F.3d 1055, 1059-60 (8th Cir. 2004) (rejecting ineffective-assistance claim where defendant had not shown that he would have pleaded guilty if the plea offer had been communicated).

2. Other Ineffective-Assistance Claims

Estrada also argues that Bottema was ineffective in a number of other respects. Specifically, Estrada contends that Bottema was ineffective because he failed to file pretrial motions; he failed to prepare for trial or keep Estrada informed about the case; he failed to call

certain witnesses; and he failed to move for a new trial.[5] At the evidentiary hearing, Estrada also contended that Bottema was ineffective because Bottema waived Estrada's presence at the pretrial conference.

All of these claims are meritless. Bottema did, in fact, file pretrial motions, including a motion to suppress evidence. *See* Docket No. 48. Bottema also filed an objection to the magistrate judge's recommended denial of the suppression motion. *See* Docket No. 86. Estrada does not identify what other pretrial motions he believes Bottema should have filed. Likewise, his motion papers do not identify any specific way in which Bottema failed to prepare for trial.

At the evidentiary hearing on his § 2255 motion, Estrada contended for the first time that Bottema failed to call certain witnesses — namely, Estrada's codefendants and two women who were with Estrada when he was arrested. Estrada did not raise this claim in his § 2255 motion or accompanying memorandum, but, even if he had, it would fail. The decision not to call a witness is "a virtually unchallengeable decision of trial strategy." *United States v. Orr*, 636 F.3d 944, 955 (8th Cir. 2011) (citation and quotations omitted). Estrada has not shown that he was prejudiced by Bottema's failure to call these witnesses. In particular, he has not identified how they would have testified, much less shown that their testimony would have been favorable to him. *Cf. United States v. Williams*, 562 F.3d 938, 942 (8th Cir. 2009) (defendant failed to establish prejudice because he failed to call witness at post-trial evidentiary hearing to establish what the witness's testimony would have been). Moreover, Bottema testified that he contacted counsel for codefendant Eduardo Soto, and, based on his conversation with Soto's attorney,

---

[5]Estrada also argues that Atwal, his substitute counsel, was ineffective for failing to move for a new trial.

determined that Soto would not waive his Fifth Amendment right against self-incrimination and agree to testify. Bottema also determined that, even if Soto did agree to testify, his testimony would not help Estrada.

As for Estrada's contention that Bottema failed to keep him informed about his case, Estrada does not identify anything specific about which he was not told (other than his sentencing exposure and the government's plea offer). Nor does Estrada explain what would have changed if Bottema had been in more frequent contact with him. This claim therefore fails. *See Williams*, 562 F.3d at 942 (rejecting ineffective-assistance claim because defendant "has not demonstrated how further communications would have resulted in alternate strategies or lines of investigation that would have created a reasonable probability of a different outcome at trial.").

To this day, Estrada has never identified any basis on which the Court would have granted him a new trial. Therefore, neither Bottema nor Atwal can be considered ineffective for failing to file a new-trial motion, even if both were asked to do so, and even if it was possible for both to do so. (In fact, the deadline for filing a motion for a new trial on any ground other than newly discovered evidence had expired long before Atwal was appointed to represent Estrada. *See* Fed. R. Crim. P. 33(b)(2).)

Finally, at the evidentiary hearing Estrada raised for the first time the issue of Bottema's waiver of Estrada's presence at the pretrial conference.[6] Estrada did not raise this claim in his

---

[6]There is some confusion concerning the date of the pretrial conference. The transcript — which Estrada obtained and submitted to the Court but which has not been made part of the record — indicates that the conference was held on September 21, 2007. But the docket reflects that the pretrial conference was held on November 21, 2007, and there is no entry for September 21, 2007. *See* Docket No. 100. The Court is confident that November 21, 2007 is the actual date of the pretrial conference. The trial was held in late November 2007, and it is this

(continued...)

§ 2255 motion or accompanying memorandum. Moreover, Estrada could have raised this issue on direct appeal but failed to do so. *See United States v. Ward*, 598 F.3d 1054, 1057-60 (8th Cir. 2010) (addressing on direct appeal defendant's right to be present at trial). Estrada therefore cannot raise it in a § 2255 proceeding unless he shows cause and prejudice, which he has not done. *See United States v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995). And last, even if Estrada could raise this claim, it is meritless. The proceeding for which Bottema waived Estrada's presence was a pretrial conference at which the Court addressed the government's motion in limine and various other legal and housekeeping matters. Estrada's presence was therefore not required. Fed. R. Crim. P. 43(b)(3).

### B. Sentence is Substantively Unreasonable

Estrada's final argument is that his 360-month sentence is substantively unreasonable. Even if this is a cognizable habeas claim, *cf. Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) ("ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim"), Estrada cannot raise it in a § 2255 motion because he did not raise it on direct appeal and has not shown cause or prejudice. *Ward*, 55 F.3d at 413. Estrada's § 2255 motion is therefore denied.

---

⁶(...continued)
Court's practice to hold a pretrial conference shortly before the beginning of trial. The transcript of the conference reflects this, as the parties' discussion clearly anticipates that trial would take place the following week. In addition, during the conference the Court ruled on a motion in limine that had been filed on November 9, 2007. *See* Docket No. 95. Obviously, if the pretrial conference had taken place in September, the Court could not have ruled on a motion that was filed in November.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence [Docket No. 159] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 28 , 2011              s/Patrick J. Schiltz
                                         Patrick J. Schiltz
                                         United States District Judge