UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0223(3) (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| JUAN MANUEL ESTRADA, | |
| Defendant. | |

A jury convicted defendant Juan Manuel Estrada (who sometimes goes by the name of Juan Manuel Ojeda-Estrada) of conspiring to distribute or possess with intent to distribute 500 or more grams of methamphetamine. The Court sentenced Estrada to 360 months in prison and 10 years of supervised release. *See* ECF No. 134. The United States Court of Appeals for the Eighth Circuit affirmed Estrada's conviction and sentence on direct appeal. *See United States v. Ojeda-Estrada*, 577 F.3d 871 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 1112 (2010).

Estrada then filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 159. Among other things, Estrada alleged that his attorney was ineffective because he failed to inform Estrada about a plea offer from the government and told Estrada that he would receive a 10-year sentence whether or not he went to trial. The Court held an evidentiary hearing and found that, contrary to Estrada's allegations, Estrada's attorney fully informed him of the plea offer; explained all of the relevant Guidelines and statutory provisions; advised Estrada that he was facing 30 years to life in prison; and described the benefits of pleading guilty. The Court accordingly denied Estrada's § 2255 motion. ECF No. 179. Estrada filed an untimely notice of appeal, which was dismissed for lack of jurisdiction. ECF No. 187.

This matter is now before the Court on Estrada's "motion pursuant to [28 U.S.C.] § 2255(F)(3) or in the alternative Rule 15(c)(2)" of the Federal Rules of Civil Procedure. ECF No. 205. Estrada bases his motion on *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), which hold that a defendant may be entitled to habeas relief if his attorney's ineffectiveness caused him to proceed to trial instead of pleading guilty.

The Court cannot entertain Estrada's motion, however, because he has not obtained authorization from the United States Court of Appeals for the Eighth Circuit to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h); *United States v. Echols*, 241 Fed. Appx. 355, 355-56 (8th Cir. 2007) (per curiam) (inmates may not bypass § 2255(h)'s authorization requirement by purporting to invoke some other procedure).

The Court notes that, in addition to being procedurally improper, Estrada's motion is substantively meritless. As noted, *Frye* and *Lafler* hold that a defendant may be entitled to habeas relief if his attorney's ineffectiveness caused him to reject (or remain ignorant of) a plea offer. What Estrada fails to recognize, however, is that this Court *applied* that legal principle in his original § 2255 proceeding. The Court fully understood that Estrada had the right to effective assistance of counsel at the plea-bargain stage, and if the Court had found that Estrada's attorney had failed to convey a plea offer to him (or had given him erroneous legal advice about a plea offer) and that Estrada was prejudiced as a result, the Court would have granted Estrada's § 2255 motion.

Estrada's § 2255 motion was denied because, after a full evidentiary hearing, the Court rejected his factual allegations. The Court specifically found that Estrada's attorney "told Estrada about the government's plea offer; explained all of the relevant Guidelines, statutory

-2-

provisions, and mandatory minimum and maximum possible sentences; and warned Estrada that he was facing 30 years to life in prison if he did not plead guilty." ECF No. 179 at 6. The Court further found that, even if Estrada's attorney had failed to communicate the plea offer to Estrada or to give him adequate advice about that offer, Estrada would not have been prejudiced because "Estrada insists to this day that he is innocent" and thus "he could not have pleaded guilty and admitted under oath that he was guilty of a crime." *Id.* at 9.

Estrada's current motion is merely a transparent attempt to relitigate the facts of his previous § 2255 motion. Because it is apparent that Estrada cannot meet the standard for authorization for a second or successive motion under § 2255(h), the Court denies his motion rather than transferring it to the Court of Appeals. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion [ECF No. 205] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 17, 2013    s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge