UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0223(3) (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| JUAN MANUEL ESTRADA, | |
| Defendant. | |

This matter is before the Court on defendant Juan Manuel Estrada's "pro se motion for sentence reduction under 18 U.S.C. § 3582(c)(2)." ECF No. 234. For the reasons that follow, the motion is denied.

Section 3582(c)(2) authorizes a court to reduce a defendant's sentence if that sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." In 2014, the United States Sentencing Commission amended the drug-offense guideline, which resulted in many defendants being eligible for relief under § 3582(c)(2). Accordingly, in January 2015, Estrada moved for relief under that provision. *See* ECF No. 216. As the Court explained in its order denying Estrada's motion, however, Estrada did not qualify for a reduced sentence because he is a "career offender" under the Guidelines and the change to the drug-offense guideline therefore did not affect his guidelines range. *See* ECF No. 219.

In his current motion, Estrada seeks reconsideration of that denial on the basis of *Hughes v. United States*, 138 S. Ct. 1765 (2018). *Hughes* has nothing to do with Estrada's case, however. In *Hughes*, the Supreme Court addressed whether a defendant who was sentenced pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C)—in which the parties agree to a specific sentence or range that is then binding on the court—may be eligible for relief under § 3582(c)(2). But Estrada was convicted by a jury and did not enter into any plea agreement. More importantly, *Hughes* does not change the fact that, because Estrada is a career offender, the amendment to the drug-offense guideline did not lower his guidelines range.

Estrada also argues that he does not qualify as a career offender because one of his prior convictions is not a "controlled substance offense" within the meaning of the career-offender guideline. This argument is not properly before the Court, however; a challenge to the validity of a federal sentence must be made under 28 U.S.C. § 2255.[1] *See Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) ("a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court"). Estrada has already litigated and lost a motion under § 2255. ECF Nos. 159, 179. As a result, he cannot bring a second or successive § 2255 motion unless he first receives

---

[1]The Court notes that any such challenge would likely be time-barred and, even if it were properly before the Court, would likely fail under *Sun Bear v. United States*, 644 F.3d 700 (8th Cir. 2011) (en banc).

authorization from the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2255(h). Because Estrada is not entitled to relief under § 3582(c)(2), and because his remaining argument is not properly before the Court, his motion for reconsideration is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the motion of defendant Juan Manuel Estrada for sentence reduction under 18 U.S.C. § 3582(c)(2) [ECF No. 234] is DENIED.

Dated: November 6, 2018          s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge